UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHLOE PSALM JERI BORDEN,** | CASE NO. 1:20-cv-01103-AWI-EPG |
| **Plaintiff,** | |
| v. | ORDER ON PLAINTIFF'S OBJECTION AND REQUEST TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| **DEPUTY ETHAN BARE; DEPUTY JEREMY MALICOAT,** | |
| **Defendants.** | (Doc. No. 24) |

Pending before the Court is Plaintiff Chloe Psalm Jeri Borden's Objection and Request to Strike Defendants Deputy Ethan Bare and Deputy Jeremy Malicoat's Motion for Summary Judgment (Doc. No. 24).

Plaintiff argues that Defendants' motion for summary judgement violated Local Rule 133(j) and therefore should be stricken because Defendants failed to lodge paper or electronic complete copies of the depositions referenced in their motion "prior to or upon the filing of" their motion.[1] Defendants filed their motion for summary judgment on May 2, 2022 (Doc. No. 23) and their notice of lodging deposition transcripts on May 3, 2022 (Doc. No.25). In response, Defendants contend that their motion for summary judgment should not be stricken because the

---

[1] Eastern District of California Local Rule 133(j) provides:
   Depositions shall not be filed through CM/ECF. Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties. Neither hard copy nor electronic copy of the entire deposition will become part of the official record of the action absent order of the Court. Pertinent portions of the deposition intended to become part of the official record shall be submitted as exhibits in support of a motion or otherwise.

1  timing of their notice of lodging did not prejudice Plaintiff and they otherwise complied with Rule
2  133(j) by submitting complete paper copies of the depositions to the Court and by attaching as
3  exhibits the pertinent portions of the depositions to their motion for summary judgment.
4      Judge Drozd of this District reviewed a substantially similar issue regarding an alleged
5  violation of Rule 133(j) in *Jessen v. Cty. of Fresno*, 2019 U.S. Dist. LEXIS 2722 (E.D. Cal. Jan. 5,
6  2019). In *Jessen*, the defendants filed a motion for summary judgment on September 18, 2018 and
7  their notices of lodging deposition transcripts over two months later on November 20 and 21,
8  2018. Jessen, 2019 U.S. Dist. LEXIS 2722 at *31. The plaintiffs contended that the summary
9  judgment motion should be denied because it violated Rule 133(j). Id. at *30. Judge Drozd
10 rejected the plaintiffs' argument on three grounds. First, Local Rule 133(j) does not require
11 defendants to provide plaintiffs with a copy of the entire deposition if the entire deposition is
12 submitted to the Court in hard copy. Id. at *31 (citing Woodson v. Sahota, 2016 U.S. Dist. LEXIS
13 24104, 2016 WL 758722, at *3 (E.D. Cal. Feb. 26, 2016) and Boyd v. Etchebehere, 2017 U.S.
14 Dist. LEXIS 66090, 2017 WL 1632887, at *1 (E.D. Cal. May 1, 2017)); see also Cannon v.
15 Gallagher, 2021 U.S. Dist. LEXIS 128462, *5 (E.D. Cal. July 8, 2021); Benanti v. Matevousian,
16 2019 U.S. Dist. LEXIS 198710, *2 (E.D. Cal. Nov. 15, 2019). Second, "to the extent that
17 defendants failed to provide the court with paper copies of the entire deposition transcripts before
18 or upon the filing of their motions for summary judgment, defendants thereafter lodged paper
19 copies of the deposition transcripts with the court, and have otherwise complied with Local Rule
20 133(j) by attaching the pertinent portions of depositions as exhibits to their motions." Jessen, 2019
21 U.S. Dist. LEXIS 2722 at *31-*32 (internal citations omitted). Finally, the plaintiffs did not show
22 or contend that "they were prejudiced by defendants' purported non-compliance with the local
23 rule." Id. at *32 (citing Barry v. Bishop, 623 F. App'x 436, 438 n.10 (9th Cir. 2015) ("To the
24 extent that Barry now asserts that we should reverse for an alleged violation of Eastern District of
25 California Local Rule 133(j), we disagree. . . . Barry has not shown any prejudice arising from the
26 claimed violation.")).
27      Here, as in *Jessen*, the Court will deny Plaintiff's request to strike Defendants' motion for
28 summary judgement. Defendants were not required to provide Plaintiff with complete copies of

the depositions referenced in their motion because they submitted complete paper copies of the depositions to the Court. Cannon, 2021 U.S. Dist. LEXIS 128462 at *5; Benanti, 2019 U.S. Dist. LEXIS 198710 at *2; Jessen, 2019 U.S. Dist. LEXIS 2722 at *31. Additionally, Defendants lodged the deposition transcripts with the Court one day after they filed their motion for summary judgment, and they attached the pertinent portions of depositions as exhibits to their motion. See Jessen, 2019 U.S. Dist. LEXIS 2722 at *31-*32. Furthermore, Plaintiff has not shown nor contended any prejudice from the one day delay in filing the notice of lodging. See Barry, 623 F. App'x at 438 n.10; Jessen, 2019 U.S. Dist. LEXIS 2722 at *32 (finding no prejudice was demonstrated despite a two month delay in filing the notice of lodging). Thus, consistent with *Jessen*, the Court will deny Plaintiff's request to strike Defendants' motion for summary judgement.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants' request to strike Defendants' motion for summary judgment (Doc. No. 24) is DENIED.

IT IS SO ORDERED.

Dated:   May 12, 2022                              _____
                                                   SENIOR   DISTRICT   JUDGE

3